IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH H. BRINKLEY, * | |
| Petitioner | |
| * | |
| v. | CIVIL ACTION NO.  PJM-09-3455 |
| * | |
| WARDEN, | |
| Respondent * | |
| ******* | |

**MEMORANDUM OPINION**

Petitioner Joseph H. Brinkley, an inmate confined at the Western Correctional Institution in Cumberland, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief attacking the constitutionality of his state court convictions. Petitioner indicates that his Petition for Writ of Certiorari filed in the Maryland Court of Appeals was denied in November of 2009. He states that he is pursuing state post-conviction relief and seeks clarification regarding his federal habeas rights. *Id*.

Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy,* 455 U.S. 509, 518 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding on direct appeal and/or by way of post-conviction review.

Given Petitioner's statements regarding his efforts to pursue post-conviction relief, it appears that he has not yet exhausted all of his available state court remedies. As Petitioner's claims have not yet been exhausted in the state courts, the Petition shall be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies.[1]  Both comity and judicial

---

[1] Petitioner is reminded that 28 U.S.C. § 2244(d) provides:

efficiency make it appropriate for this court to insist on complete exhaustion before it addresses any issues raised by the Petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

For the foregoing reasons, the instant application shall be dismissed without prejudice for the failure to exhaust state court remedies. A separate Order shall be entered reflecting the ruling set forth herein.

January 7, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.